UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.K. a minor, by and through her Guardian ad Litem,<br><br>　　　　　　Plaintiff,<br><br>Vs.<br><br>CITY OF RIVERSIDE, a municipal, RIVERSIDE POLICE DEPARTMENT, a public entity, SERGEANT WARREN, in his official and individual capacity, OFFICER BARRETTA (Badge No. 1464), in his official and individual capacity, DEPUTY SHERIFF MICHAEL TADROUS (Badge No. 466792), in his official and individual capacity, and LOS ANGELES COURT SHERIFF DEPARTMENT, a public entity; and DOES 1 TO 30, Inclusive,<br><br>　　　　　　Defendants. | CASE NO.: EDCV 12-01600 PSG (SPx)<br><br>**ORDER RE: APPLICATION AND STIPULATION FOR PROTECTIVE ORDER REGARDING DISCLOSURE OF JUVENILE COURT RECORDS**<br><br>**"DISCOVERY MATTER"**<br><br>[NOTE CHANGE MADE BY COURT]<br><br>*Complaint filed on 9/24/12* |

　　COMES NOW THIS COURT, having reviewed the Parties' Stipulated Protective Order, and having found good cause shown, hereby GRANTS the Stipulated Protective Order, and hereby orders as follows:

1. Counsel for City sought an order from the California Juvenile Court seeking release of all court documents related to the prosecution of Plaintiff arising out of the facts and circumstances giving rise to this lawsuit. Such order was granted by the Court on August 19, 2013.

2. The information released to the City is relevant to this litigation and should be shared with counsel for Plaintiff and Co-defendants. Therefore, counsel herein stipulate as indicated below and request the Court's order.

3. Counsel shall not convey, transfer, publish, distribute, copy, duplicate or disseminate the information so provided except as may be reasonably necessary for the prosecution of this litigation, by communicating with the parties, or investigators, consultants and experts retained on behalf of any Party in this matter.

4. Prior to the dissemination of any such information pursuant to this order, counsel for the Parties shall inform such person of the terms and conditions of this order and secure such person's agreement to be bound by it.

5. Parties' counsel, and investigators, consultants and experts, are expressly prohibited from utilizing the disclosed information for any purpose other than the prosecution or defense of H.K. v. City of Riverside, et al., United States District Court Case No. 12-cv-1600 PSG (SPx) and the information disclosed shall not be utilized in any other proceeding or litigation, or for any other purpose.

6. Parties' counsel, and investigators, consultants and experts are expressly prohibited from disclosing orally or otherwise the information subject to this Protective Order to any person other than those who are reasonably necessary for the prosecution of H.K. v. City of Riverside, et al., United States District Court Case No. 12-cv-1600 PSG (SPx).

7. Parties, parties' counsel, and parties' investigators, consultants and experts, are expressly prohibited from duplicating, copying or otherwise distributing or disseminating any of the disclosed information to any person or entity, except as provided in paragraphs 3 and 4.

8. Counsel for each party shall take reasonable precaution to prevent the unauthorized or inadvertent disclosure of any of the protected information.

9. In the event anyone shall violate or threaten to violate any terms of this Protective Order, the aggrieved party may immediately apply to obtain injunctive relief and monetary sanctions to this court against any such person violating or threatening to violate any of the terms of this order. This court shall retain jurisdiction over the parties and any other persons subject to the terms of this order for the purpose of enforcing this Protective Order. The court shall have the power to impose whatever penalties it deems appropriate for the violation of said order, including, but not limited to, monetary and judicial sanctions and contempt.

10. This Protective Order shall survive the final termination of this action, to the extent that the information disclosed remains confidential and does not become known to the public. The court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed herein, and to impose whatever penalties it deems appropriate for the violation of this Protective Order, including, but not limited to, monetary and judicial sanctions and contempt.

SO ORDERED.

DATED: September 11, 2013        By:  _____/s/_____
                                       Honorable Magistrate Judge Sheri Pym

CA# L12-0054.1
O:\Cycom\WPDocs\D023\P016\00172261.DOC